539 A.2d 503

Abraham Siegel, Appellant *v.* City of Philadelphia Board of Pensions and Retirement, Appellee.

Submitted on briefs February 24, 1988, to Judges CRAIG and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Stanton A. Berkowitz, Berkowitz & Leabman, P.C.,* for appellant.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, March 28, 1988:

Abraham Siegel appeals an order of Judge LOIS FORER, of the Court of Common Pleas of Philadelphia County, affirming the determination of the City of Philadelphia Board of Pensions and Retirement, and deny-

ing Siegel's application for service-connected disability benefits.

Siegel contends that the board's determination that his disability did not result solely from job-related stress is not supported by substantial evidence. Because we find substantial evidence to support the board's determination, we affirm.

The facts of the case are undisputed. Siegel began his employment with the City of Philadelphia, as an administrative clerk in the Register of Wills office in 1973. On May 4, 1984 while seated at work Siegel experienced sudden chest pains with radiation into his left arm. Siegel's physician and cardiologist recommended that he avoid all stress and therefore that he not return to work. After exhausting all his leave, Siegel ended his employment with the city. Siegel, claiming that his disability resulted from employment related stress, applied to the board for service-connected disability benefits.

Siegel has a long history of coronary artery disease dating back to 1961 when he suffered a myocardial infarction. In 1971, Siegel suffered an angina attack which required that he be hospitalized. In 1979, Siegel underwent an aorta coronary bypass operation, and in 1983, Siegel again experienced angina and premature heart beats.

Based on this extensive history of coronary disease, and the examination of the board's doctors and Siegel's doctors, the medical panel of the board found that Siegel suffered from recurrent angina and premature atrial contractions rendering him permanently disabled. However, the panel found that the disability had not resulted solely from Siegel's employment. Section 206.1 of the Municipal Retirement ordinance under which Siegel seeks disability benefits provides as follows:

Upon written application, any employee found by the Board to be permanently incapacitated

from the further performance of duty, which in-
capacity resulted *solely* from the performance of
the duties of his position . . . shall be retired.
. . . (Emphasis added.)

The board denied Siegel's application on August 15,
1985. Siegel requested a hearing before a hearing panel
of the board. The board approved Siegel's request for a
hearing, which took place on December 18, 1985. The
hearing panel recommended that the board deny
Siegel's application.

Before the board's next meeting, Siegel submitted
additional medical evidence. The chairman of the medi-
cal panel reviewed this new evidence plus the medical
evidence submitted at the hearing and again concluded
that Siegel's condition did not result solely from stress
encountered on the job. On June 19, 1986, the board
denied Siegel's application.

Siegel appealed the board's determination to the
Court of Common Pleas of Philadelphia County, which
affirmed the board's denial of Siegel's application for
service-connected disability benefits.

Initially we are forced to bring up the board's failure
to issue findings of facts and conclusions of law to sup-
port its denial of Siegel's application.

Although the board did submit a record consisting of
63 written exhibits, the board's adjudication itself is em-
bodied solely in its letter denying the application; that
letter reads as follows:

Please be advised that at its regular meeting
held on June 19, 1986 the Philadelphia Board of
Pensions and Retirement, after a careful review
of all the evidence in your file, again denied your
application for service-connected disability ben-
efits.

The Local Agency Law provides that "[a]ll adjudica-
tions of a local agency shall be in writing, *shall contain*

*findings and the reasons for the adjudication. . . ."* 2 Pa. C. S. §555 (emphasis added). Moreover, when an agency fails to include essential findings of fact, a remand may be necessary for the agency to make those findings. *See Madeja v. Whitehall Township,* 73 Pa. Commonwealth Ct. 34, 457 A.2d 603 (1977).

Although this court will have to insist that the board in the future will issue adjudications which conform with the requirements of 2 Pa. C. S. §555, we will proceed, for the purposes of judicial economy, to conclude, as did the trial judge, that the board's decision necessarily involved a finding that stress on the job was not the sole cause of Siegel's disability. Therefore, under the Local Agency Law, our review is limited to a determination of whether that finding of the board is supported by substantial evidence. 2 Pa. C. S. §754(b); *Porter v. Board of School Directors of Clairton School District,* 67 Pa. Commonwealth Ct. 147, 445 A.2d 1386 (1982).

Dr. Isaiah Abney, the chairman of the board's medical panel, examined Siegel and obtained Siegel's medical history. In light of the extensive coronary problems, Dr. Abney referred Siegel to Dr. Mary Allen, the board's cardiologist. Dr. Allen examined Siegel and noting his history of heart trouble concluded, that "stress encountered at Mr. Siegel's work was undoubtedly a significant contributing factor to the progression of his coronary artery disease but was not the sole cause of his cardiac disability."

Based on his own examination and that of Dr. Allen, Dr. Abney informed the board that "this disability was not due solely to the performance of the duties of his position."

Moreover, following his review of the additional medical evidence submitted by Siegel following the hearing, Dr. Abney stated:

I also feel that there are many factors which contribute to coronary artery disease aside from

stress. There is genetic disposition. There are factors associated with diet and exercise, and to conclude that his present disability is due solely to the stress of the job is not within findings of the current literature.

It is my impression again that although he continues to be permanently and partially disabled (sic) secondary to coronary artery disease, I feel that it is not due solely to his performance at the job.

Siegel's doctors testified to his extensive history of coronary disease beginning in 1961 and the various heart problems Siegel encountered in 1971, 1979 and 1983.

Therefore, we conclude that substantial evidence existed for the board to find that Siegel's disability did not result solely from work related stress.

Accordingly, we affirm.

## ORDER

Now, March 28, 1988, the order of the Court of Common Pleas of Philadelphia County, at No. 4717 June Term 1986, dated October 31, 1986, is affirmed.